IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Anti-Age Technologies LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-2581 |
| | ) | |
| v. | ) | **Judge Manish S. Shah** |
| | ) | |
| THE PARTNERSHIPS and | ) | **Magistrate Judge Sunil R. Harjani** |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE "A," | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS BOOMBLOOM, XUCAIHUA AND DENGXIAOHUA520'S
MOTION FOR SANCTION OF DISMISSAL WITH PREJUDICE**

**NOW COMES,** Internet Stores Boombloom (Doe No. 198), Xucaihua (Doe No. 257) and Dengxiaohua520 (Doe No. 395), defendants in the above styled civil action, (hereinafter, "Defendants") by and through their counsel, The Law Office of L. Ford Banister, II, and moves this Honorable Court to impose a sanction of immediate dismissal with prejudice. In support hereof, Defendants state as follows:

Background and Procedural History

1. On January 2, 2019, Plaintiff Anti-Age Technologies LLC (hereinafter, "Plaintiff") filed a civil action in the Northern District of Illinois against five hundred and eighty-five (585) doe defendants. The case was docketed as Case No. 19-cv-00026 and assigned to the Honorable Edmond E. Chang. Therein, Plaintiff alleged federal trademark infringement and counterfeiting (Count I), unfair competition and false designation of origin (Count II), and

1

violation of the Illinois Uniform Deceptive Trade Practices Act (Count III). Among the 585 doe defendants listed in Schedule A for Case No. 19-cv-00026, [Id. at Doc. 6] which was submitted and remains under seal, were the moving Defendants, who were identified as Doe Nos. 128 (Boombloom), 172 (Xucaihua) and 244 (Dengxiaohua520). See attached Ex. A, Declaration of L. Ford Banister, II, (hereinafter, "the Banister Declaration").

2. On February 25, 2019, Judge Chang entered the following minute order *sua sponte*:

> MINUTE entry before the Honorable Edmond E. Chang: Although the motion 7 to seal is provisionally granted, on review of the 585-Defendant Schedule A, the Court orders that Plaintiff file a memorandum explaining why joinder is proper in light of the sheer number of defendants and the unlikelihood that they are acting in concert. Under Federal Rule of Civil Procedure 20(a)(2)(A), the question is whether the right to relief... aris[es] out of the same transaction, occurrence, or series of transactions or occurrences. The relevant factors are the nature of the claims, the legal basis for recovery, the law at issue, and the factual background. *Ross v. Bd. of Educ.*, 486 F.3d 279, 284 (7th Cir. 2007). In lieu of the memorandum, Plaintiff may file an amended complaint limiting the defendants to a subset of properly joined defendants with actual connections to each other than generic circumstances. The memorandum or the amended complaint is due by 03/11/2019. The status hearing of 02/26/2019 is reset to 03/19/2019 at 8:30 AM. [Id. at Doc. 13]

3. On March 11, 2019, Plaintiff moved for a temporary restraining order before Judge Chang. [Id. at Doc. 15, Banister Declaration at Ex. B] Plaintiff submitted a memorandum of law in support of its motion for a TRO. [Id. at Doc. 16, Banister Declaration at Ex. C] Therein, Plaintiff sought injunctive relief against all defendants identified in Schedule A for Case No. 19-cv-00026. [Id. at Doc. 6, Banister Declaration at Ex. A] Also on March 11, 2019, Plaintiff submitted the required memorandum addressing the propriety of joinder of all

2

defendants in Case No. 19-cv-00026, including the moving Defendants. [Id. at Doc. 17, Banister Declaration at Ex. D]

4. Plaintiff filed the instant civil action on April 16, 2019. [Doc. 1] On the same date, Plaintiff submitted a civil cover sheet. [Doc. 2] Therein, Plaintiff indicated, under section five, that the instant civil action is an original action. Plaintiff listed Case No. 19-cv-00026 as a related case under section nine. Under section ten, in response to the inquiry "Is this a previously dismissed or remanded case?," Plaintiff checked the "no" box.

5. On April 22, 2019, Plaintiff submitted Schedule A to the Complaint in the instant case under seal. [Doc. 10, Banister Declaration, Ex. E] A comparison of Schedule A for Case No. 19-cv-00026 and Schedule A for the instant case shows that all of the defendants named in the instant case were, at the time Plaintiff filed the instant case and submitted Schedule A, named defendants in Case No. 19-cv-00026. [Banister Declaration, Ex. F]

6. Also on April 22, 2019, Plaintiff submitted its motion for TRO [Doc. 13] and supporting memorandum. [Doc. 14] Neither mentions that Plaintiff then sought injunctive relief against the same defendants in Case No. 19-cv-00026 before Judge Chang.

7. On April 23, 2019, Plaintiff voluntarily dismissed all but three of the original 585 defendants in Case No. 19-cv-00026. [Id. at Doc. 23, Banister Declaration at Ex. G] Plaintiff's voluntary dismissal included the moving Defendants.

8. Plaintiff appeared before this Court on April 25, 2019 to present its motion for a TRO. At the hearing, the Court expressed concern with Plaintiff's evidentiary submissions. [Hearing Trans. At 2:18-7:8, Banister Declaration at Ex. H] Plaintiff did not inform the Court that all of the defendants listed on Schedule A in the instant case were originally sued in Case

No. 19-cv-00026 or that Plaintiff had continued to seek *ex parte* injunctive relief against these defendants, including the moving Defendants, before Judge Chang in Case No. 19-cv-00026 after it moved for a TRO in the instant case.

9. Following the April 25, 2019 hearing on Plaintiff's motion for a TRO, [Doc. 13] the Court ordered that "by 5/16/19, plaintiff shall file a supplement with additional evidence that supports the assertions of jurisdiction and joinder of all defendants, and shall file a corrected Exhibit 1 to the declaration of David Gulbransen 14 , on the court's docket." [Doc. 17]

10. On or about July 2, 2019, Defendants' counsel began to inquire of Plaintiff as to whether the moving Defendants had been named in Case No. 19-cv-00026 before Judge Chang. On or about July 9, 2019, following repeated inquiries, Plaintiff's counsel, Mr. Gulbransen, confirmed that: "This case was re-filed with this defendant. They are not named in both cases, they are only named in the second case. The first case is already closed."

11. On or about July 18, 2019, Defendants noticed Plaintiff that under LR 40.3, the refiled instant case should have been directly assigned to Judge Chang and that the civil cover sheet should have indicated that all defendants, including the moving Defendants, had been dismissed from Case No. 19-cv-00026. Mr. Gulbransen replied on the same date that his understanding of LR 40.3 was that "that it applies when a *case* is dismissed--and the *case* was not dismissed, it continued and went to default." (Emphasis in Original)

12. On or about July 19, 2019, Defendants replied to Mr. Gulbransen to express their disagreement with Plaintiff's reading of LR 40.3 and to state, in pertinent part, that "It is of concern that the notice of volunatry [sic] dismissal for these 582 defendants was filed on April 23, 2019. [Doc. 23] 19-cv-2581 was filed on April 16, 2019 so the defendants we represent, and

the remainder, were actually named in pending cases regarding the same subject matter contemporaneously. [Defendants] further note that Judge Shah did not immediately grant your motion for injunctive relief, for reasons explained on record on April 25, 2019, nor do I believe that he would have done so at all had he known that these same defendants had been dismissed only two days prior to the initial hearing without notice having been given to them."

13. Plaintiff replied to Defendants via email on or about July 20, 2019. The parties continued to correspond over these issues until July 22, 2019, when Defendants sent a detailed demand to Plaintiff, with citations to pertinent case law and copied to both of its attorneys, in which it explained the requirement that "Plaintiff must immediately dismiss the case against all defendants and should appear on an emergency basis before Judge Shah to inform him of the omission of vital facts that would have undoubtably [sic] precluded the issuance of injunctive relief as well as the maintenance of 19-cv-2581." [Banister Declaration, Ex. I]

14. Plaintiff has not responded to Defendants' requests nor has it contradicted or provided additional information in response to Defendants' well founded concerns. Plaintiff having failed to act to correct its errors, the instant motion for sanctions necessarily follows.

<u>Argument</u>

15. The Plaintiff in the instant case found itself in an unenviable procedural position. It presented a case before Judge Chang, Case No. 19-cv-00026, that was met with a requirement that joinder be fully justified. [Id. at Doc. 13] Plaintiff attempted to meet this requirement before Judge Chang, submitting its brief in support of joinder of all of the original parties. [Id. at Doc. 17, Banister Declaration at Ex. D] Had Plaintiff not dismissed 582 of the 585 original defendants in Case No. 19-cv-00026, it would have been forced to choose between either dismissing all

defendants that Judge Chang found had not been properly joined, to then refile them subject to Judge Chang's ruling and to initial reassignment to him under LR. 40.3, or to have the individual defendants spun off into separate cases to be assigned to different judges in the district. See *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011) ("When a federal civil action is severed, it is not dismissed. Instead, the clerk of court creates multiple docket numbers for the action already on file, and the severed claims proceed as if suits had been filed separately."); *Equal Rights Ctr. v. Kohl's Corp.*, Case No.: 14-cv-8259 at *4-5 (N.D. Ill., August 11, 2017)

16. In order to extricate itself from this predicament, Plaintiff filed the instant case without first dismissing the defendants in Case No. 19-cv-00026, thus maintaining two separate actions against the same defendants before both this Court and Judge Chang.

17. As set out in ¶ 4 above, Plaintiff indicated on the civil cover sheet, [Doc. 2] under section five, that the instant civil action is an original action. Plaintiff listed Case No. 19-cv-00026 as a related case under section nine. Under section ten, in response to the inquiry "Is this a previously dismissed or remanded case?," Plaintiff checked the "no" box.

18. Plaintiff's representation that the instant case is an original action is incorrect. Where, as here, more than one suit is filed based on the same events, the latter filed suit is not original. Where a Plaintiff states incorrectly that a refiled suit is an original filing, dismissal with prejudice is the proper remedy. See *Ayot v. City of Naperville*, et al, Case No. 17−cv−07021 at Doc. 21 (N.D. ILL., Nov. 6, 2017) (Blakey, J) ("When he filed his complaint here, Plaintiff also completed and filed a civil cover sheet. See [2]. The cover sheet asks Plaintiff to list any related cases; it also requires Plaintiff to indicate whether he is attempting to initiate an original proceeding or a reinstated or reopened case. Plaintiff checked the box for 'original proceeding'

and did not list any cases under the related case question. As it turns out, this statement was false; Plaintiff has pursued the same allegations in the past more than once."); *Ayot v. DuPage State's Attorney*, No. 17-cv-7801 at *5-6 (N.D. Ill., Nov. 15, 2017) (Kendall, J.) ("[I]n the civil cover sheet, Ayot characterized his case as an original action and when asked whether there were any related cases, Ayot left that portion of the cover sheet blank. The failure to disclose the multiple related cases constitutes lying to the Court and the case is dismissed with prejudice on that basis alone—especially given that Judge Blakey already warned him that such conduct was egregious."); *Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) (Dismissal with prejudice is an appropriate sanction when a plaintiff tries to deceive the district court by falsifying an IFP application.) (collecting cases)

19.     Moreover, under ADA Model Rule 3.3(d), "In an *ex parte* proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse." Indeed, ABA Model Rule 3.3 Comment [3] notes that there are circumstances where "failure to make a disclosure is the equivalent of an affirmative misrepresentation." "[A] half-truth... can be just as misleading, sometimes more misleading, than an absolutely false representation." *In re Ronco, Inc.*, 838 F.2d 212, 218 (7th Cir. 1988); *Cleveland Hair Clinic, Inc. v. Puig*, 200 F.3d 1063, 1067 (7th Cir. 2000) (sanctioning lawyer for misleading the court about his involvement in related state court case). "Lawyers have a duty of candor to the tribunal. Counsel... would be well-advised to observe that violations of this duty can lead to sanctions even more severe than payment of an opponent's fees and costs." *Id.* (quoting *Beam v. IPCO Corp.*, 838 F3d 242, 249 (7th Cir. 1988)).

7

20.     Here, Plaintiff did not inform the Court upon filing the instant suit that the defendants against which it sought relief were then also defendants in Case No. 19-cv-00026, then pending before Judge Chang. Likewise, Plaintiff failed to advise the Court, either upon the filing of the instant suit or submission of its motion for a TRO, that it then sought identical relief before Judge Chang in Case No. 19-cv-00026. Further, Plaintiff failed to inform the Court when, on April 23, 2019, it dismissed 582 of the 585 defendants originally named in Case No. 19-cv-00026. [Id. at Doc. 23, Banister Declaration at Ex. G]

21.     The voluntary dismissal in Case No. 19-cv-00026 [Id.] rendered false the technically correct but misleading representation that the instant case was not refiled, a fact which should have then been made known to the Court, Plaintiff's original representation notwithstanding. Plaintiff has "a continuing duty to inform the Court of any development which may conceivably [have] affect[ed] the outcome of the litigation...I do not find credible the notion that counsel for the parties had no reason to believe that the facts described above might have affected my decision." *Wildcat Enters., LLC v. Weber*, Case No. 11-cv-4922 at *12-13 (N.D. Ill., April 28, 2017) (Citations Omitted)

22.     Defendants respectfully submit that had Plaintiff accurately stated in its civil cover sheet [Doc. 2] that the instant case was not an original proceeding it would have never been assigned, with five hundred and thirty-seven (537) listed defendants, for this Court's consideration. Had Plaintiff informed the Court, as was then and is now its duty, that more than one suit was being actively maintained in this district against the same defendants, based upon the same facts and with the same injunctive relief being sought contemporaneously, this Court would have more than likely dismissed the instant suit outright. Certainly, had the Court been

made aware of these circumstances, it would not have immediately considered the issuance of injunctive relief.

23. Defendants respectfully submit that Plaintiff's conduct in this case, as described herein, is egregious and demands dismissal with prejudice. Defendants respectfully submit that it is no answer that, had the instant case been properly assigned and before the Court, Plaintiff would have prevailed on the merits of either its case in chief or its request for injunctive relief. See *McRoyal v. Commonwealth Edison Co.*, 263 F. App'x 500, 502 (7th Cir. 2008) ("[T]he wrongful act of making false statements to the court is always harmful.") Plaintiff cannot be permitted to profit from its wrongful conduct by having the instant case maintained before the Court where, had Plaintiff accurately completed the civil cover sheet and fully informed the Court, it would have never been assigned to this Court with 537 named defendants, including the moving Defendants.

24. Defendants respectfully submit that Plaintiff's misconduct can only be deterred by dismissal with prejudice. In addition, Plaintiff's failure to promptly correct its error when noticed by Defendants [Banister Declaration, Ex. I] is an aggravating factor that demands dismissal with prejudice.

25. Even if the Court is inclined to dismiss the case without prejudice, Plaintiff will necessarily be barred from refiling upon dismissal under the Illinois single filing rule. The Illinois single refiling rule provides that "if the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, *** the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is voluntarily dismissed by the plaintiff. 735

Ill. Comp. Stat. Ann. 5/13-217. This provision is understood to "permit[] one, and only one, refiling of a claim." *Flesner v. Youngs Development Co.*, 145 Ill.2d 252, 254 (1991). The single refiling rule is considered to be an extension of res judicata. *Carr v. Tillery*, 591 F.3d 909, 915 (7th Cir. 2010) ("The one-refiling rule is thus the extension of the doctrine of res judicata to a class of cases in which the decision deemed to be res judicata is a dismissal without prejudice.") (citing *D'Last Corp v. Ugent*, 288 Ill.App.3d 216, 220 (1997)). See *Webster Bank v. Pierce & Assocs., P.C.*, Case No. 16-cv-2522 at *5-6 (N.D. Ill., March 14, 2019) In determining whether the one-filing rule permits a second refiling, "[T]he reason a cause of action was originally dismissed is important in determining whether a plaintiff can subsequently refile, but after a case has been filed a second time, the reason for the second dismissal is of no consequence at all. No matter why the second dismissal took place, the statute does not give plaintiff the right to refile again." *Buschle v. COACH, Inc.*, Case No. 17-cv-4083 at *6 (N.D. Ill., December 18, 2017) Thus, even if deemed harsh, Plaintiff cannot escape the preclusive effect of a dismissal with prejudice through the entry of a dismissal without prejudice. Moreover, "Being the cause of the harm of which [it] complain[s], [Plaintiff's] protestations are unpersuasive." *Elliot v. Mission Trust Servs., LLC*, 82 F.Supp.3d 829, 832 (N.D. Ill., 2015) (Citation Omitted)

(Prayer for Relief, Date and Attorney Signature on the Following Page)

**PRAYER FOR RELIEF**

**Wherefore,** Defendants respectfully request that the Court grant the following relief:

1) That Plaintiff's Complaint [Doc. 1] be dismissed with prejudice;

2) That the injunction bond posted by Plaintiff [Doc. 25] remain in place following the entry of dismissal with prejudice pending Defendants' motion for damages; and,

3) Such further and additional relief as the Court deems necessary and appropriate.

Respectfully submitted this 23rd day of July, 2019.

/s/ L. Ford Banister, II
The Law Office of L. Ford Banister, II
244 5th, Avenue, Ste. 1888
New York, NY 10001
Mailing Address
PO Box 3514 PMB 23332
New York, NY 10008
Telephone: U.S No. 212-574-8107
Fax: (646) 365-3459
Email: ford@fordbanister.com
*Attorney for Defendants*